IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**OBIE MacFRANKLIN BATTIE**                                                 **PLAINTIFF**
**ADC #652832**

v.                          **No: 4:21-cv-00810 LPR-PSH**

**BARNETT**[1]                                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Obie Battie, an inmate at the Faulkner County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 13, 2021 (Doc. No.

---

[1] Battie names Barnett as the only defendant in his amended complaint (Doc. No. 5). Accordingly, the Clerk of Court is directed to remove the other defendants from the style of this case.

2). The Court subsequently granted Battie *in forma pauperis* status directed him to file an amended complaint that described only one factually related incident or issue in his amended complaint, how each named defendant violated his rights, and how he was injured as a result of defendants' actions (Doc. No. 4). Battie was informed that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* Battie subsequently filed an amended complaint (Doc. No. 5). For the reasons stated herein, Battie's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se*

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Battie alleges that Officer Barnett threatened him and interfered with his medical care, causing him to fear for his life and immediate safety and have "thoughts of spontaneous suicide." Doc. No. 5 at 4. Battie claims that on one occasion, Barnett verbally berated him while Battie was undergoing treatment by a nurse. *Id.* Battie also claims that Barnett put his hands on an EKG machine causing false readings. *Id.* He states that he has had chest pains for two weeks "with no productive results" and should not have to worry about "being hurt or killed by an insubordinate officer." *Id.* at 6. Battie alleges he has PTSD from serving in Iraq and fears he will suffer heart problems as a result of the stress caused by Barnett. *Id*. He also claims that Barnett verbally threatens other inmates and interferes with their medical care. *Id.* at 5. Battie's claims against Barnett should be dismissed, as explained below.

***Claims on Behalf of Other Inmates.*** Battie has no standing to sue on behalf of other inmates. "A prisoner cannot bring claims on behalf of other prisoners."

*Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985). Accordingly, to the extent Battie attempts to bring claims on behalf of other inmates, those should be dismissed.

***Official Capacity Claims.*** Battie sues Barnett in both his official and individual capacities. Doc. No. 5 at 2. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against Barnett in his official capacity is in essence a suit against Faulkner County. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). Barnett can only be held liable in his official capacity in this case if Battie can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Battie does not assert that a custom or policy of Faulkner County was the moving force behind the claimed violations of his constitutional rights. Accordingly, his official capacity claims against Barnett should be dismissed for failure to state a claim upon which relief may be granted.

***Individual Capacity Claims.*** Finally, Battie's individual capacity claims against Barnett are also subject to dismissal. Battie's claims against Barnett are solely based on alleged verbal threats and insults, which generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's

4

teeth out was not actionable).[2] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians."[3] *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Because Battie's allegations of verbal abuse do not approach this threshold, he does not state an actionable § 1983 claim based on Barnett's verbal remarks. Additionally, his claim that Barnett interfered with his EKG by touching the machine are conclusory and speculative; Battie has not alleged sufficient facts to show that he has been injured by Barnett's alleged interference in his medical care. *See Bell Atlantic Corporation v. Twombly, supra* (conclusory and speculative allegations are not sufficient to state a claim for relief).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.  Battie's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[2] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation).

[3] In *Burton*, the plaintiff alleged that defendant pointed a revolver at plaintiff, cocked it, and threatened to shoot him while using racial epithets just after the plaintiff had testified about another guard's actions in a hearing on his § 1983 suit. 791 F.2d at 100.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 15th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE